IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMY AND RANDALL SCHNEIDER,

Plaintiffs,

v.

U.S. BANK, N.A.,

Defendant.

Case No. 20-2162-JAR-GEB

## ORDER

Before the Court is Defendant's Motion for Clarification (Doc. 35). The motion is ripe and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion to clarify to the limited extent clarification is necessary, as the Court finds that its prior Order is clear as written.

Plaintiffs Amy and Randall Schneider alleged the following claims for relief in the First Amended Complaint: (1) Usury Violations under Kansas law; (2) violations of the Fair Debt Collection Practices Act; (3) unlawful kickbacks and fee sharing under the Real Estate Settlement and Procedures Act; (4) a violation of the Truth in Lending Act; (5) fraud; (6) negligence per se; (7) breach of contract; and (8) violations of the Kansas Consumer Protection Act ("KCPA"). On August 12, 2020, this Court issued its Memorandum and Order granting in part and denying in part Defendant U.S. Bank's Motion to Dismiss for Failure to State a Claim.[1] The August 12 Order denied the motion to dismiss as to one specific theory of Plaintiffs' breach of contract claim alleging failure to follow the mortgage contract's payment posting provision. USB's motion to dismiss was otherwise granted in full for myriad reasons on the merits.

---

[1] Doc. 22.

At the parties' scheduling conference, a dispute apparently arose about the scope of the Court's August 12 Order.  The Scheduling Order sets forth the parties' respective positions on the scope of discovery, based on their conflicting readings of the Court's August 12 Order.  The parties point to no ruling or resolution of this dispute by Magistrate Judge Gwynne Birzer in the Scheduling Order.  Nor does either party identify an oral ruling by Judge Birzer on this issue to which they seek to object.  Instead, Defendant filed the instant motion to clarify.

To the extent that the Court's August 12 Order requires reiteration, the only claim alleged in the First Amended Complaint that survived dismissal is one of the five breach of contract theories alleged—that Defendant breached the mortgage contract by failing to follow the payment posting provision.  All other claims were dismissed for failure to state a claim upon which relief can be granted.  Plaintiffs did not seek leave to amend to cure the problems addressed in the Court's Order and the deadline for motions to amend has now passed.[2]  Plaintiffs did not seek reconsideration of the Court's August 12 Order.  Dismissal for failure to state a claim, unless otherwise indicated, is a dismissal with prejudice.[3]  Thus, whether Plaintiffs' claims were dismissed "for lack of specificity" or otherwise, they are dismissed with prejudice.  This includes the KCPA claims.  The Court declines to weigh in on the scope of discovery that follows from the dismissal Order.  Any request for relief on that issue should be in the form of a motion that would be referred to Judge Birzer in the first instance.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Clarification (Doc. 35) is granted to the limited extent necessary to reiterate the Court's August

---

[2] Doc. 34 at 15.

[3] *See, e,g.*, *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1225 (D. Kan. 2016) ("Because a Rule 12(b)(6) dismissal requires a court to evaluate the substance of a complaint it constitutes an adjudication on the merits.").

12 ruling on Defendant's motion to dismiss.  All claims alleged in the First Amended Complaint were dismissed with prejudice on the merits, with the sole exception of Plaintiffs' breach of contract claim alleging failure to follow the mortgage contract's payment posting provision.

**IT IS SO ORDERED.**

Dated: December 1, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
