## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMY SCHNEIDER and**<br>**RANDALL SCHNEIDER,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**U.S. BANK, N.A.,**<br><br>**Defendant,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 20-2162-EFM-GEB**

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs Amy Schneider and Randall Schneider's Motion for Leave to File a Second Amended Complaint (**ECF No. 67**). On June 24, 2021, the Court conducted a motion hearing. Plaintiffs appeared through counsel, Donna L. Huffman. Defendant U.S. Bank, N.A., appeared through counsel, Joel Thomason and Megan A. McCurdy. Following the hearing, the Court took Plaintiffs' motion (ECF No. 67) under advisement. After careful consideration of the parties' oral arguments and review of the parties' briefing, including the motion, Plaintiffs' Exhibits in support of their motion (ECF No. 70), and Defendant's Response in opposition (ECF No. 71), the Court **GRANTS** Plaintiffs' motion for the reasons set forth below.

I.      **Background**[1]

This lawsuit arises from a dispute over a mortgage loan. Plaintiffs initially filed their lawsuit in state court, which Defendant removed to this Court. (ECF No. 1.) The First Amended Complaint (ECF No. 10) alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), Kansas's usury law (K.S.A. § 16-207(b)), and the Kansas Consumer Protection Act ("KCPA"), along with common law claims for breach of contract, negligence per se, and fraud.

On August 12, 2020, Chief District Judge Julie A. Robinson granted Defendant's motion to dismiss all claims except one breach of contract claim. (Mem. & Order, ECF No. 22.) The only claim currently remaining in the case is Plaintiffs' claim Defendant breached the payment posting provision (§2) of the mortgage by holding their excess payments instead of applying the payments to principal on the date the payments were made. (*Id.*)

A Scheduling Order was entered on October 30, 2020 (ECF No. 34), which set multiple deadlines, including a discovery deadline of March 31, 2021 and jury trial set for January 25, 2022. In that Scheduling Order, the deadline to file a motion to amend the pleadings was set for November 20, 2020 (ECF No. 34).

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1); the Amended Complaint (ECF No. 10); the Answer (ECF No. 23); the briefing surrounding the pending motion (ECF Nos. 67, 70, 71); the Mem. and Order deciding the motion to dismiss (ECF No. 22); and the Proposed Second Amended Complaint (ECF No. 67-1, Ex. 1.) This background information should not be construed as judicial findings or factual determinations.

The undersigned set an informal discovery conference for April 1, 2021; however, immediately prior to the conference, Plaintiffs' counsel suffered a death in her immediate family. The Court stayed all pending deadlines and reset a conference to discuss discovery and scheduling issues. (Order, ECF No. 55.) On April 28, 2021, the undersigned held a status conference, and as a result reset the discovery deadline to May 31, 2021, with a pretrial conference set for June 24, 2021. The dispositive motion deadline was reset to July 1, 2021 and the jury trial reset for March 22, 2022. (Order, ECF No. 57.) Plaintiffs were ordered to conduct the Fed. R. Civ. P. 30(b)(6) deposition of Defendant's corporate representative before the May 31 discovery deadline. (*Id.*)

Before the discovery deadline expired, Defendant filed a Motion for Summary Judgment. (ECF No. 60, filed May 25, 2021.) The same date this motion was filed, Plaintiffs' counsel emailed the chambers of the undersigned to report during the corporate representative's deposition, she "discovered more inaccuracies on the mortgage statements" and expected to file a motion to amend the complaint as well as seek additional discovery from Defendant.[2]

The undersigned held a status conference on June 1, 2021. Following that conference, the Court vacated the pretrial order and conference deadlines and set a deadline of June 8, 2021 for Plaintiffs to file any motion to amend the complaint. A deadline for Defendant's response was set, with no replies permitted. The pretrial conference set for June 24, 2021 was converted to an oral argument hearing. (Order, ECF No. 64.)

---

[2] Email from Donna Huffman to ksd_Birzer_chambers@ksd.uscourts.com, dated May 25, 2021 (maintained in Chambers file).

## II.   Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 67)

As noted above, following the Court's August 12, 2020 ruling on the motion to dismiss, only a single breach of contract claim remained pending. In Judge Robinson's order dismissing Plaintiffs' earlier KCPA claims, she found the allegations failed for two reasons: 1) for failure to plead with particularity under Fed. R. Civ. P. 9(b); and 2) on legal challenges to the KCPA claims. (Mem. & Order, ECF No. 22 at 11-15.) Plaintiffs now seek to file a Second Amended Complaint to add a new KCPA claim, identified as: "Count 2: Alleged violations of the Kansas Consumer Protection Act." (*See* ECF No. 67-1.)

### A.   Legal Standards

#### 1.   Fed. R. Civ. P. 16 – Good Cause

When a proposed amendment is offered after the deadline to amend pleadings has passed, Fed. R. Civ. P. 16(b)(4) is implicated, because the schedule itself is affected.  Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." When considering a motion to amend any pleading filed past the scheduling order deadline, "judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[3] In such cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[4] Only after finding good cause has been shown will

---

[3] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).  *See also Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC-ADM, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); and Fed. R. Civ. P. 16(b)(4)).

[4] *Id.*

the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.

"Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if it had acted with due diligence."[5] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[6] The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[7] A lack of prejudice to the nonmovant does not constitute "good cause."[8] In the context of a motion to amend to assert affirmative claims, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[9] But, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."[10]

The district court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed

---

[5] *Id.*

[6] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM-KGS, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations omitted)).

[7] *Id.*

[8] *Id.* (citing *Deghand*, 904 F. Supp. at 1221).

[9] *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC-ADM, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch*, 771 F.3d at 1240; *see also Green v. Blake*, No. 18-2247-CM, 2020 WL 816016, at *2 (D. Kan. Feb. 19, 2020) (applying the same standard on a motion to amend an answer to assert affirmative defenses)).

[10] *Farr*, 2020 WL 5118068, at *2 (citing *Gorsuch*, 771 F.3d at 1240).

only for abuse of discretion.[11] If the Court finds Rule 16 is satisfied, the Court then analyzes the request for amendment under Fed. R. Civ. P. 15.

### 2.       Fed. R. Civ. P. 15 – Factors for Amendment

The standard for permitting a party to amend his or her pleadings is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[12] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[13] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[14]  The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the

---

[11] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).

[12] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[13] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[14] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[15] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[16]

### B.    Parties' Positions

### 1.    Plaintiffs' Arguments

Plaintiffs contend their proposed KCPA claim arises from new information gained during the May 24, 2021 deposition of Defendant's corporate representative, Jonathan Huff. Plaintiffs allege a $22.00 line item on their September 16, 2019 mortgage statement was revealed during the deposition to be a "'behind the scenes' accounting recoding to change fees [previously] assessed and paid." (ECF No. 67 at 1.) This accounting caused it to appear on the customer account activity statement as if Plaintiffs had not made full payments, and then on later mortgage statements the accounting appeared as fee refunds which did not occur. Plaintiffs contend this accounting, which was unexplained until the corporate deposition, left the subsequent 2019 statements inaccurate, as well as potentially the 2019 tax form. (*Id*.)

Plaintiffs assert the inaccurate mortgage statements support a KCPA claim because as a mortgage servicer, Defendant is required by federal law to provide timely and accurate information to Plaintiffs. Plaintiffs assert "the right to accurate mortgage statements and accounting free from deceptions." (ECF No. 67-1 at 1.) Plaintiffs argue "Rule 15(c)(1)(B)

---

[15] *Carefusion 213,* 2010 WL 4004874, at *4 (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[16] *See AK Steel Corp. v. PAC Operating Ltd. P'ship,* No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

relation back amendment is appropriate as the claims arise out of the conduct, transaction, and occurrence relating to the servicing of the [same] home loan." (ECF No. 67-1 at 4.) They maintain specific documents were not provided in discovery, noting "based on the deposition and conversations with Counsel," a number of documents remain missing.[17] (ECF No. 67-1 at 3, n.4.)

Plaintiffs' motion and supporting memorandum are sparse, although during the hearing, counsel contended the motion was intentionally brief as it simply addresses a discreet issue.[18] Plaintiffs fail to address the Rule 16 "good cause" standard in the briefing. They also cite Rule 15 yet make no effort to address the factors examined by the Court in their written motion, aside from reasoning, "the court *should freely give leave as justice so requires*." (ECF No. 67-1 at 1.) However, the Court acknowledges no written reply was permitted and Plaintiffs' counsel provided argument on both good cause and the Rule 15 factors during the June 24 hearing.

Plaintiffs contend they did not know what happened or how it happened, prior to the corporate representative's deposition, which constitutes good cause.[19] Plaintiffs were generally aware of the $22 line item prior to the corporate deposition; however, they were unaware of a concern with it, so they propounded discovery targeting that item in March 2021. Plaintiffs assert the corporate records and the explanation of those records did not

---

[17] Plaintiffs argue "the following documents were not provided: Screenshots, Accounting with higher detail levels, Task screens, Suspense Accounting, 'All Notes', Detailed IVR policies and procedures (we have overview), script, Customer Service Loan Activity, 'All Activity'." (ECF No. 67-1 at 3, n.4.)

[18] The June 24, 2021 motion hearing was recorded but a transcript was neither requested nor filed as of the date of this order. (FTR recording, 11:04 am – 1:00 pm, maintained in Chambers' file.).

[19] Recorded motion hearing; *see id.*

match the information on the mortgage statements.[20] Because the parties had discussed the issue, but Plaintiffs still did not fully understand what happened, the parties agreed they would address the $22 issue further during the deposition.[21] The deposition was the first time Plaintiffs learned of the "behind-the-scenes" accounting adjustments.[22]

Plaintiffs argue their earlier, and now dismissed, KCPA claims initially focused on interest being misapplied, which allegedly made all the mortgage statements incorrect. But, during the corporate representative's deposition, Plaintiffs learned selected mortgage statements included inaccurate postings in a completely different manner than originally alleged.[23] And, the "Customer Account Activity Statements" provided through discovery do not match the mortgage statements sent to Plaintiffs.[24] Defendant's corporate representative testified there was no description on the mortgage history explaining the accounting adjustment, so this supports the contention Plaintiffs could not have discovered the information solely from the written information provided to them.[25] Furthermore, Plaintiffs wanted to cross-reference the notes in Defendant's "task system" to confirm what their corporate representative testified; however, the specific task creating the $22 line item was deleted from the Defendant's system.[26]

---

[20] *Id*. at 11:10.
[21] *Id*. at 11:08.
[22] *Id*.
[23] *Id*. at 11:09.
[24] *Id*. at 11:10; *see* ECF No. 70 at 8.
[25] Hearing at 11:10, *see* ECF No. 70 at 15.
[26] Hearing at 11:11.

Plaintiffs contend *de minimis* damages are sufficient to support their new claim, citing the Kansas Court of Appeals opinion in *CitiMortgage, Inc. v. White*.[27] And, under the Kansas Supreme Court opinion in *Via Christi Reg'l Med. Ctr., Inc. v. Reed*,[28] the only aggrievement they are required to plead is an infringement on a legal right. When asked by the Court if Plaintiffs are required to demonstrate some type of harm to bring the claim, Plaintiffs disagreed this was necessary under both *Via Christi* and the Kansas Pattern Jury Instructions, as harm is not a required element of a KCPA claim.[29] Although Plaintiffs maintain they are not seeking an additional discovery period or any sanctions, they do ask for the ability to work with Defendant to access those items sought by prior discovery and perhaps a diligence affidavit from Defendant outlining what can be produced and their efforts at doing so.[30]

## 2.    Defendant's Arguments

Defendant makes several arguments against amendment. First, Defendant contends Plaintiffs' failure to make any showing of good cause under Rule 16 is alone fatal to their Motion.[31] Second, Defendant argues the evidence Plaintiffs describe as "newly discovered" is not new at all—rather, the information arises from the very same mortgage statements forming the basis of the original and First Amended Complaints. (ECF No. 71 at 2.)

---

[27] *CitiMortgage, Inc. v. White*, 364 P.3d 579 (Kan. Ct. App. 2016).
[28] *Via Christi Reg'l Med. Ctr., Inc. v. Reed*, 298 Kan. 503, 314 P.3d 852 (2013).
[29] Hearing at 11:24.
[30] *Id*. at 11:25-26.
[31] *See* ECF No. 71 at 4, citing *Schneider v. Citimortgage, Inc.*, No. 13-4094-SAC, 2016 WL 344725 at *6; (D. Kan. Jan. 28, 2016)); also citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (finding upon appellants' failure to establish good cause under Rule 16, "there is no need to consider whether the Appellants satisfied Rule 15.")).

Defendant argues "the Schneiders knew, or should have known, whether they made a $22 payment to U.S. Bank in September 2019." They also received their payment history in August 2020 through discovery in this matter. (*Id.* at n.3.) And, Plaintiffs issued written discovery about the $22 discrepancy on March 1, 2021 yet did not seek to amend the Complaint until June.

Defendant also contends Plaintiffs' proposed claims are simply clarifications of their prior dismissed claims, which is insufficient to establish good cause under Rule 16.[32] And, Defendant initially accused Plaintiffs of providing inaccurate summaries of its representative's deposition testimony without producing a transcript. However, Defendant then notes Plaintiffs—inexplicably and without seeking leave to do so—filed exhibits to their motion nine days after they filed the motion, which included a transcript. Defendant asks the Court to disregard the belated exhibits, and even if the Court considers them, it maintains the documents only support Defendant's argument that Plaintiffs possessed all necessary information no later than August 2020, and really before they even filed their complaint. (*Id.* at n.3.) Defendant submits it produced all the documents Plaintiffs allege were withheld on June 4, 2021. (*Id.* at 15.)

Defendant reasons Plaintiffs cannot meet the Rule 15 standard for amendment by analyzing each factor. (*Id.* at 13.) It contends Plaintiffs unduly delayed in filing their motion, because they were or should have been, aware of any alleged misrepresentation

---

[32] *See* ECF No. 71 at 10 (citing *Davis*, 2012 WL 2503097, at *1; *see also Banks v. St. Francis Health Ctr., Inc.*, No. 15-CV-2602-JAR, 2016 WL 4398932, at *2 (D. Kan. Aug. 18, 2016) (new documents that "merely lend specificity to the claims" plaintiff already made were insufficient to warrant leave to amend)).

related to the $22 notation since they received the statement in September 2019, or in August 2020 when the payment history was produced through discovery, or at latest, in March 2021 when Defendant responded to Plaintiffs' written discovery. Defendant also contends the motion comes too late, and because discovery is closed and Defendant already filed its dispositive motion, it will be unduly prejudiced. Additionally, Defendant argues the Schneiders have similarly sought to belatedly amend their complaint in a prior case, due to deposition testimony, so it suggests this is a litigation tactic and indicates bad faith.

Defendant argues Plaintiffs' amendment is futile for multiple reasons. It asserts Plaintiffs' proposed KCPA allegations "bear no connection" to the "newly discovered" evidence." (*Id*. at 14.) And, the proposed claims fail to allege essential elements of the KCPA claims. (*Id*.) Defendant maintains Plaintiffs fail to show they are "aggrieved consumers" because they have neither plead damages nor any "causal connection" between the alleged deception and any injury.[33] It contends Plaintiffs' KCPA claims fail to state the claims with particularity or allege any harm caused by their reliance on the alleged misrepresentation, as required.[34]

## C.    Discussion

Plaintiffs' motion was, as noted, very sparse. However, Plaintiffs were not permitted to file a Reply brief. As anticipated, Plaintiffs' counsel clarified and augmented her positions during oral argument as outlined above.

---

[33] Hearing at 11:44; *see also* ECF No. 71 at 14-15 (citing *Hills v. Arensdorf*, No. 20-4037-TC-JPO, 2021 WL 2351647, at *8 (D. Kan. June 9, 2021)).
[34] Hearing at 11:45-46 (citing *Rasnic v. FCA US LLC*, No. 17-2064-KHV, 2017 WL 6406880, at *6 (D. Kan. Dec. 15, 2017)).

The threshold question is whether Plaintiffs have shown good cause for not seeking amendment before the scheduling order deadline under Rule 16. Plaintiffs primarily argue the timing of her request is appropriate because she recently learned new information through the 30(b) deposition. Although Defendant argues Plaintiffs did not attempt to show good cause in their motion and the analysis should end there, under the circumstances, the Court finds good cause sufficient to move forward with its analysis. First, the Court established a specific deadline for the motion for leave to amend during the June 1, 2021 conference, so the Court recognizes with this new deadline, Plaintiffs may not have initially considered a Rule 16 analysis necessary. And, Plaintiffs thoroughly addressed good cause during oral argument, and the Court finds the arguments well-presented.

The Court finds Defendant's arguments against good cause may be collapsed and appropriately analyzed in conjunction with the Rule 15 undue delay/timeliness analysis below.[35] For the same reasons the Court finds Plaintiff's motion timely, the Court finds good cause. In its discretion, the Court considers Plaintiffs' motion on the Rule 15 analysis rather than stopping at Rule 16, and considers the following factors: timeliness, prejudice to the other party, bad faith and futility.

### 1. Timeliness

Defendant is correct that untimeliness alone is a sufficient reason to deny leave to amend, particularly when the party seeking amendment "has waited too long and cannot

---

[35] *Clark v. Newman Univ., Inc.*, No. 19-1033-JWB-GEB, 2021 WL 533829, at *5 (D. Kan. Feb. 12, 2021), *report and recommendation rejected on other grounds in Clark v. Newman Univ., Inc.*, No. 19-1033-JWB, 2021 WL 2024891 (D. Kan. May 21, 2021) ("From a practical standpoint, though, the "good cause" standard generally results in an analysis similar to the "timeliness" factor analyzed under Rule 15. The result is largely consistent, regardless of the title given the standard.")

account for the delay."[36] And, a motion to amend is subject to denial where a party seeking

amendment knows or should have known of the facts upon which the proposed amendment

is based in his original pleading, but fails to do so.[37] However, the Court finds denial on

these bases is not appropriate here.

Plaintiffs' deadline to amend was initially November 20, 2020, and they did not

request to extend the deadline to amend pleadings until counsel's email on May 25, 2021

and subsequent June 1 conference. Defendant maintains Plaintiffs should have known

about the $22 accounting issue since receipt of the September 2019 statement, or at latest

since Defendant provided them the full payment history on August 19, 2020, and contends

Plaintiffs' attempt to gain information about the line item came too late. (*See* ECF No. 71

at 7-8.)

Plaintiffs explained during the hearing that much of discovery in this matter was

accomplished informally, as both counsel are quite familiar with one another and these

types of cases and often engage in informal exchanges. Counsel insists she was not ignoring

her discovery obligations. Plaintiffs issued the written discovery targeted at the $22 issue

on March 1, 2021, during the discovery period. Defendant timely responded, and this

response was the first time Plaintiffs learned the $22 transaction was "the result of an

internal accounting correction."[38] A discovery conference regarding the Rule 30(b)(6)

---

[36] *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) (citing *Minter*, 451 F.3d at 1206). In *Castanon*, the Court found plaintiffs "had ample time to amend their complaint, but they waited to see amendment until more than fourteen months after the removal . . . [and] don't explain this delay."

[37] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

[38] *See* Def.'s Resp. to discovery, ECF No. 71-1, Ex. A-3.

depositions topics, of which the $22 line item was a part,[39] was set for April 1. (ECF No. 54.) Unfortunately, during this same time frame, Plaintiffs' counsel, a solo practitioner, suffered an unexpected personal loss, which led to a stay of all deadlines, including postponement of the discovery conference and Rule 30(b)(6) deposition.

When the case resumed less than one month later, Plaintiffs' counsel discussed the $22 discrepancy in the April 28 discovery conference[40] and clearly dug into the issue during the May 24 deposition of Defendant's corporate representative. Under the circumstances presented, if Plaintiffs did not recognize the significance of the $22 line item until spring 2021, it does not appear they unduly delayed.

Plaintiffs served pointed discovery in March, notified the Court and opposing counsel during the April conference of their focus on the $22 line item, examined Defendant's corporate representative less than one month later, and sought a conference with the Court the day following the deposition. Given the personal circumstances of Plaintiffs' counsel also occurring during this time frame, the Court does not find the time between Plaintiffs' focus on the issue in early March and ultimate filing of the motion in June to be excessive. This is not a situation where Plaintiffs "cannot account for the delay."[41]

---

[39] Email from Donna L. Huffman, Plaintiffs' counsel, to Judge Birzer's chambers (Mar. 26, 2021), copying defense counsel (on file in Chambers file) (noting Plaintiffs' belief, "Agreement was reached on many issues including ***expressly allowing questions on the $22.00 found on the payment history***.  We also agreed that there were some questions that we would not know how to resolve until we were in depositions and if such came up we would break for sidebar.) (emphasis in original).

[40] This informal discovery conference was not recorded; however, the email from Plaintiffs' counsel (*supra* note 39) and the Court's handwritten notes reference the $22 line item.

[41] *See Castanon*, 976 F.3d at 1144 (citing *Minter*, 451 F.3d at 1206).

For these reasons, the Court finds Plaintiffs adequately demonstrated good cause for their delay. Therefore, Plaintiffs' motion will not be denied on the basis of untimeliness under Rule 15(a)(2).

### 2.    Bad Faith

In order for the party opposing amendment to succeed on a claim of bad faith amendment, "[t]he movant's bad faith must be apparent from evidence of record," such as awareness of facts and failure to include them in the original complaint.[42] "Bad faith" is defined as "dishonesty of belief, purpose or motive."[43] Defendant points to the Schneiders' (and their counsel's) litigation strategy in a previous case to claim they are acting in bad faith now. However, the facts of the previous case are distinguishable, and the Court finds this attempt to disparage Plaintiffs' counsel improper. In the earlier action, although the Schneiders did seek belated amendment following a fact deposition, they also sought to add a claim which raised "significant new factual issues."[44]

A finding of bad faith might follow, perhaps, had the Court found undue delay in the request to amend, or had Plaintiffs suggested a prolonged discovery period to flesh out significant new facts. However, neither is the case here. Plaintiffs acted with reasonable earnestness upon discovering the accounting discrepancy and its origins. The Court will not bar Plaintiff's amended complaint on the basis of bad faith.

---

[42] *See Koch*, 127 F.R.D. at 211 (internal citations omitted).
[43] "Bad Faith," Black's Law Dictionary (11th ed. 2019).
[44] *Schneider v. Citimortgage, Inc.*, No. 13-4094-SAC, 2016 WL 344725, at *5 (D. Kan. Jan. 28, 2016).

### 3. Undue Prejudice

As the party opposing the amendment, Defendant bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[45] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[46] While any amendment invariably causes some "practical prejudice," undue prejudice means the amendment "would work an injustice to" Defendant.[47]

Considering this "most important factor,"[48] the Court finds Defendant does not demonstrate prejudice sufficient to wholly prohibit the proposed amendment. Plaintiffs' proposed KCPA claims do not require the addition of new parties. As for the new claim, Defendant's one-sentence prejudice argument focuses on the fact that discovery has closed and it has already filed its dispositive motion. (ECF No. 71 at 14.) However, it is commonplace in this District for the pretrial order to be filed before dispositive motions, to ensure all necessary claims are delineated prior to dispositive motions—precisely to avoid a scenario such as this.

Because Plaintiffs have conducted written discovery on the topic and the corporate representative deposition focused, at least in part, on the new claims, no additional discovery will be permitted aside from the minimal clean-up items arising from the

---

[45] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[46] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[47] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).
[48] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

corporate representative's deposition. Therefore, this case will proceed to a pretrial conference swiftly. Defendant will also be permitted to supplement its pending summary judgment motion to address any challenges to the new claims. Consequently, the Court finds any prejudice to Defendant to be minimal, rather than undue.

Also worthy of consideration is: whether Plaintiffs assert their proposed claims in this action, or file a separate action, it appears they intend to make those claims. Permitting them to do so within this case, already in progress, furthers the interests of economy and efficiency for both the Court and the parties.

For the above reasons, the Court finds no more than practical prejudice, which will not prevent amendment.

### 4. Futility

Finding Plaintiffs' request to amend timely, lacking bad faith, and no undue prejudice exists, the Court next considers whether the amendment would be futile. As the party opposing amendment, Defendant bears the burden of establishing its futility.[49] "A proposed amendment is futile if [the proposed claim] would be subject to dismissal."[50] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading

---

[49] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[50] *BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, No. 16-CV-2082-JAR-TJJ, 2016 WL 7179464, at *3 (D. Kan. Dec. 9, 2016) (citing *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008)).

party."[51] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[52] should the court find the amendment futile.

Defendant makes two futility arguments. First, it argues the claims fail to allege essential elements under the KCPA, without outlining those elements. Second, it maintains Plaintiffs fail to plead any damages and the proposed KCPA allegations lack a connection with the evidence Plaintiffs produced from the corporate representative's deposition.

"Generally speaking, the KCPA protects consumers from suppliers who commit deceptive and unconscionable practices."[53] "To recover damages for either type of violation under the KCPA, a party must establish that he or she was 'aggrieved' by the violation of the [KCPA]."[54] To be "aggrieved," "a KCPA plaintiff must demonstrate that the defendant's act adversely affected their legal rights and a causal connection exists between the deceptive act or practice and claimed injury. [55]

Neither party disputes Plaintiffs' depiction as a consumer and Defendant's as a supplier under the KCPA.[56] The parties disagree on whether Plaintiffs are aggrieved as required to support a plausible KCPA claim. Plaintiffs maintain they have a legal right to

---

[51] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[52] *Id.* (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[53] *Hills v. Arensdorf*, No. 5:20-CV-04037-TC-JPO, 2021 WL 2351647, at *8 (D. Kan. June 9, 2021) (citing Kan. Stat. Ann. §§ 50-623(b), 50-627(a)).

[54] *Via Christi Reg'l Med. Ctr., Inc. v. Reed*, 298 Kan. 503, 519, 314 P.3d 852, 863 (2013).

[55] *Hills,* 2021 WL 2351647, at *8 (*internal citations omitted).

[56] Neither party produces argument on this point.

accurate statements, and they are therefore aggrieved by Defendant's failure to provide timely accurate information as required under federal law.[57] Defendant's corporate representative admitted its accounting actions were not transparent[58] and during the hearing admitted there was a mistake on the face of the statement.[59]

Defendant argues Plaintiffs' proposed KCPA claim fails to properly plead a causal connection between the inaccurate statements and any claimed injury, including any harm caused by Plaintiffs' reliance on the statements. But courts have found a consumer is not required to demonstrate "measurable monetary damages to qualify as aggrieved."[60] And, the "existence of a statutorily created civil penalty suggests that the legislature expected at least some claims brought under the KCPA to be small in terms of actual damages."[61]

During oral argument, the parties also disagreed on whether, under the KCPA, Plaintiffs have properly plead their proposed claims with particularity as required under Fed. R. Civ. P. 9(b).[62] But Plaintiffs' proposed amendment outlines Defendant violated specific sections of the KCPA on dates certain through specific actions. Plaintiffs identify particular mortgage statements they claim are false and when such statements were issued, and by whom, and identify the amounts and/or specific substance of each statement they

---

[57] *See* ECF No. 67-1 at 3, 5-8.

[58] ECF No. 70-4 at 7 (Huff Dep. 58:19-24).

[59] Hearing at 11:43.

[60] *Via Christi*, 298 Kan. at 519 (citing *Lowe v. Surpas Resource Corp.*, 253 F. Supp. 2d 1209, 1229 n. 16 (D. Kan. 2003)).

[61] *CitiMortgage, Inc. v. White*, 364 P.3d 579 (Kan. Ct. App. 2016) (unpublished table opinion) (citing K.S.A. § 60–634(b).).

[62] *See Schneider v. U.S. Bank, N.A.*, No. 20-2162-JAR-GEB, 2020 WL 4673159, at *5 (D. Kan. Aug. 12, 2020) (citing *Thompson v. Jiffy Lube Int'l Inc.*, 505 F. Supp. 2d 907, 930 (D. Kan. 2007)) (other internal citations omitted).

contend resulted in misrepresentations and inaccuracies. It is evident Plaintiffs were attempting to cure the lack of specificity found in their original Complaint[63] with the allegations included in their proposed amendment.

One difficulty the Court has with Plaintiffs' proposed claims is the issue of reliance. During oral argument, Defendant argued Plaintiffs have backed themselves into a corner, because their arguments are counterintuitive. First, they must have relied on the misstatement to bring their KCPA claim. But to find good cause, Plaintiffs must claim this is new information, and Plaintiffs cannot have both relied upon the information and just become aware of the information. Defendant cites *Rasnic v. FCA*[64] to emphasize allegations of unfair trade practices require harm caused by reliance.[65] And there is no doubt—this is a close call.

Given the closeness of this decision, the Court is only nudged ever so slightly to find when reviewing the proposed claims in the light most favorable to Plaintiffs, as the Court is required to do at this stage, the KCPA claims appear at least plausible on the face of the pleading. Whether a deceptive act has occurred under the KCPA is a question of fact, and such a claim is susceptible to summary judgment in Defendant's favor only if unsupported by evidence. [66] But at the pleading stage, Plaintiffs are not required to come forward with evidence. Whether or not the $22 line item and the related calculations were the result of a valid accounting method employed by Defendant, its efforts are certainly not

---

[63] *See id*. at *5-6.
[64] *Rasnic v. FCA US LLC*, No. 17-2064-KHV, 2017 WL 6406880, at *6 (D. Kan. Dec. 15, 2017)).
[65] Hearing at 11:45-46 (citing *Rasnic,* 2017 WL 6406880, at *6).
[66] *Via Christi,* 298 Kan. at 520.

explained on the face of the mortgage statements, as acknowledged by Defendant. This lack of transparency is the focus of Plaintiffs' proposed claims.

The issue before the undersigned Magistrate Judge, in this motion, is not whether Plaintiffs "will ultimately prevail on the [proposed claims], but whether [they are] entitled to offer evidence to support [their] allegations."[67] Whether or not these inaccuracies ultimately rise to the level of KCPA violations are questions for the trier of fact at a later date. And, Defendant will soon have the chance to test its objections through its amendment to its summary judgment motion, which is properly addressed by the District Judge. For the above reasons, the Court will not deny, as futile, Plaintiffs' request to file the Second Amended Complaint.

## III.    Conclusion

As discussed above, this Court has determined Plaintiffs demonstrate—even if slightly—good cause for a belated request to amend. Finding the Rule 15 factors weigh in favor of amendment, the Court in its discretion will allow Plaintiffs to amend the Complaint. Because the Court prefers the case to proceed on its full merits,[68] in the interests of justice Plaintiffs are permitted to file a Second Amended Complaint.

However, because Plaintiffs did not supply a full amended pleading for the Court's review,[69] and due to duplications and errors in her submitted pleading as discussed during

---

[67] *Safetech Int'l, Inc. v. Air Prod. & Controls, Inc*., No. 02-2216-JAR, 2002 WL 31833262, at *2 (D. Kan. Dec. 5, 2002) (other internal citations omitted).

[68] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

[69] Plaintiffs did not provide a full proposed amendment but sought to include her new claims "by interlineation." Also, there are some duplications and errors in her proposed amendment. For example, in paragraph 6, Plaintiffs claim Defendant violated "K.S.A. 50-637" because "violations

the hearing, prior to her filing of the Second Amended Complaint she is required to **first submit the amended pleading to the undersigned**, **no later than August 17, 2021**. Pending formal approval by this Court, the Second Amended Complaint may be filed by **August 24, 2021**. Defendant's answer will be due 14 days after the filing of the Second Amended Complaint.

Given Plaintiffs' prior discovery on the topics for amendment, the Court does not permit additional discovery aside from that discussed in the June 24, 2021 hearing to access those items sought by prior discovery and perhaps a diligence affidavit from Defendant outlining what can be produced and their efforts at doing so.

Although the Court is now prepared to establish expeditious deadlines for a pretrial conference and dispositive motion briefing, during the motion hearing Plaintiffs raised a potential question regarding the propriety of the federal court's diversity jurisdiction over this case.[70] Because subject matter jurisdiction may be raised at any time, and the Court found Plaintiffs' concern viable, the parties were ordered to brief the issue prior to setting additional pretrial deadlines. (Order, ECF No. 74.)

Following the review of jurisdictional arguments, this matter is expected to move swiftly to pretrial and dispositive motions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (**ECF No. 67**) is **GRANTED.**   The Second Amended Complaint must be filed in accordance with the deadlines established above.

---

in federal laws are per se unconscionable." However, Plaintiffs cite the wrong subsection of K.S.A. Section 50, as KSA § 50-637 relates to the powers and effect of a receivership.

[70] Hearing at 12:47-48.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of August, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge