IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMY SCHNEIDER *and* RANDALL SCHNEIDER,

Plaintiffs,

vs.                                    Case No. 20-2162-EFM

U.S. BANK, N.A.,

Defendant.

MEMORANDUM AND ORDER

Three motions are before the Court which address the claims by Plaintiff Amy and Randall Schneider against Defendant U.S. Bank. First, Defendant has moved for summary judgment as to Plaintiffs' breach of contract claim.[1] Second, Plaintiffs have moved to remand the action to Douglas County, Kansas District Court.[2] Third, Defendant U.S. Bank has appealed the decision of the Magistrate Judge allowing Plaintiffs to file an amended complaint which would add a new claim alleging violation of the Kansas Consumer Protection Act (KCPA).[3] The Magistrate Judge allowed the

---

[1] Dkt. 60.

[2] Dkt. 76.

[3] Dkt. 77.

amendment, finding that the new claim was justified by a May 24, 2021 deposition of Defendant's corporate representative which, Plaintiffs allege, shows deceptive accounting practices as to a $22.00 line item in their September 16, 2019 mortgage statement.[4]

In addition to these substantive motions, Plaintiffs have moved for oral argument on the summary judgment motion and to stay deadlines for submitting the actual Second Amended Complaint. The first request is grounded on counsel's contention that she has a condition which "makes oral argument as a supplement to written the more effective way to advance positions." (Dkt. 84). The contention is conclusory, and it is unclear how any such condition would not make written briefing more, rather than less, helpful. The second request seeks leave to defer the actual filing of the new amended complaint beyond the deadline imposed by the Magistrate Judge.

Neither motion offers good cause for the relief sought. The request for oral argument is denied, as the court finds that the matter may be justly resolved on the basis of the pleadings on file.  This is particularly true, given the Court's Show Cause Order of September 22, 2021, which is addressed below. The Motion to Stay Deadlines was filed on September 13, 2021, well after the August 17, 2021 deadline for the amended complaint which was explicitly adopted by the Magistrate Judge, as she attempted to balance the interests of the parties while also recognizing the need for

---

[4] *Schneider v. U.S. Bank*, 2021 WL 3286644 (D. Kan. Aug 2, 2021).

"expeditious deadlines."[5] Moreover, the request is moot in light of the court's findings herein.

**Breach of Contract Claim**

The breach of contract claim was the only remaining claim after Judge Robinson dismissed the rest of the Schneiders' many claims in her Order of August 12, 2020.[6] The Order denied dismissal only as to the claim that U.S. Bank breached Section 2 of the mortgage governing how payments were to be applied.[7] The Defendant's subsequent motion for summary judgment argues that there was no breach, as it timely applied the Schneider's principal repayments, and in any event, the Plaintiff's failed to submit written notice of principal prepayments, as required by their agreement.

As noted above, on September 22, 2021, the Court ordered the Plaintiffs to show cause why the summary judgment motion should not be granted as unopposed. The Order to Show Cause observed that Judge Robison had stayed the summary judgment briefing only until the time the Magistrate Judge resolved the Motion to Amend, which

---

[5] 22021 WL 3286644, at *10-11 (counsel "is required to **first submit the amended pleading to the undersigned no later that August 17, 2021**" so that it may then be "filed by **August 24, 2021**") (bold emphasis in original).

[6] *Schneider v. U.S. Bank*, 2021 WL 3286644, 20202 WL 4673159 (D. Kan. Aug. 12, 2020) (Dkt. 22). The Schneiders advanced claims (1) Usury Violations under Kansas law, K.S.A. 16-207(b); (2) violations of the Fair Debt Collection Practices Act ("FDCPA"); (3) unlawful kickbacks and fee sharing under the Real Estate Settlement and Procedures Act ("RESPA"), 12 CFR § 1024.14 and 12 US.C. 2607; (4) a violation of the Truth in Lending Act ("TILA"); (5) fraud; (6) negligence per se; (7) breach of contract; and (8) violations of the KCPA.

[7] On June 14, 2021, the case was transferred from Judge Robinson to the undersigned. (Dkt. 69).

she had done on August, 2, 2021. As a result, the Plaintiffs' response was due on August 23, 2021, but no response was filed. The Court directed the Plaintiffs to respond within 14 days (October 6, 2021).[8]  Plaintiffs have filed no response to this directive, and the Motion for Summary Judgment is accordingly granted as unopposed pursuant to D.Kan. R. 7.4.

## Motion to Remand

After obtaining leave to amend, Plaintiffs moved to remand the action to state court, citing the general rule that subject matter jurisdiction cannot be obtained by waiver or consent, and that once the federal claims were dismissed by Judge Robinson, the matter has continued only based on "an apparent joint assumption" as to jurisdiction.[9]

However, the Court had jurisdiction to hear Plaintiff's federal claims under FDCPA, RESPA, and TILA.  Upon their dismissal, the court has the discretion to keep supplemental jurisdiction over Plaintiff's state law claims.[10]  In deciding whether to retain supplemental jurisdiction, a court may consider judicial economy, convenience,

---

[8] Dkt. 88.

[9] Dkt. 76. at 1.

[10] *See Carlsbad Technology v. HIF Bio, Inc.*, 556 U.S. 635, 637-38 (2009); *Toone v. Wells Fargo Bank,* 716 F.3d 516, 524 (10th Cir. 2013).

and fairness,[11] and continued jurisdiction may be appropriate once an action has proceeded past the initial pleading stage.[12]

Here, the matter has proceeded past discovery and Defendant has moved for summary judgment. The court finds that remand at this late date would be contrary to principles of judicial economy and convenience, and will retain supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, the motion to remand is denied.

## Appeal of Leave to Amend

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[13] To be clearly erroneous, a decision must strike the court as "more than possibly or even probably wrong."[14] Under the clearly erroneous standard, the district court must affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[11] *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013).

[12] *See Camick v. Wattley*, No. 17-1286-EFM-GEB, 2018 WL 1638449, at *6 (D. Kan. Apr. 5, 2018) (declining supplemental jurisdiction because "[t]his case is at the pleading stage, and no discovery has occurred"), *aff'd*, 758 F. App'x 640 (10th Cir. 2018).

[13] 28 U.S.C. § 636(b)(1)(A); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citation omitted); Fed. R. Civ. P. 72(a).

[14] *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) (citation omitted).

committed.'"[15] For legal determinations, the district court "conducts an independent review and determines whether the magistrate judge ruling is contrary to law."[16] "Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard."[17]

In the present appeal, Defendant alleges multiple errors by the Magistrate Judge. It alleges error in (1) finding "good cause" Rule 16 for a delayed amendment, even while acknowledging that Plaintiffs "fail[ed] to address [the issue] in the briefing,"[18] (2) finding due diligence by considering only the relatively short delay between the first discovery on the $22 charge and the motion to amend, and not the preceding year that the case had been pending,[19] (3) denying Defendant the opportunity to conduct additional discovery on the new KCPA claim,[20] and (4) that the amendment should have been denied as futile, because the Plaintiffs' assertion (for purposes of the

---

[15] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[16] *In re Motor Fuel Temperature Sales Practices Litigation*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (citations omitted), *interlocutory appeal dismissed*, 641 F.3d 470 (10th Cir. 2011*), cert. denied*, 132 S. Ct. 1004 (2012).

[17] *Id*.

[18] 2021 WL 3286644, at *4.

[19] *Id*. at *7.

[20] *Id*. at 11.

obtaining the amendment) that they were unaware of the nature of the $22 charge precludes reliance, a necessary element of their KCPA claim.[21]

The court need not resolve these additional arguments, as it finds that the new claim is precluded by Judge Robinson's previous Orders. Here, Defendant had expressly objected to the adding the proposed new KCPA claims as mere "clarifications of prior claims" which had been dismissed by Judge Robinson, rather than new or independent claims. The Magistrate Judge ultimately allowed amendment after finding that "[i]t is evident Plaintiffs were attempting to cure the lack of specificity found in their original Complaint with the allegations in their proposed amendment."[22]

But Judge Robinson explicitly dismissed *with prejudice* Plaintiffs' KCPA claims in her August, 12, 2020 Order. After Defendant moved to clarify that Order, she was even more explicit:

> To the extent that the Court's August 12 Order requires reiteration, the only claim alleged in the First Amended Complaint that survived dismissal is one of the five breach of contract theories alleged—that Defendant breached the mortgage contract by failing to follow the payment posting provision. All other claims were dismissed for failure to state a claim upon which relief can be granted. Plaintiffs did not seek leave to amend to cure the problems addressed in the Court's Order and the deadline for motions to amend has now passed. Plaintiffs did not seek reconsideration of the Court's August 12 Order. Dismissal for failure to state a claim, unless otherwise indicated, is a dismissal with prejudice.

---

[21] *Id.* at *10 (noting the issue of futility, and observing that "there is no doubt – this is a close call").

[22] 2021 WL 3286644, at *9.

> Thus, *whether Plaintiffs' claims were dismissed "for lack of specificity" or otherwise, they are dismissed with prejudice. This includes the KCPA claims.*[23]

The claim that the allegedly deceptive $22 line item in the September 2019 mortgage statement violated the KCPA falls squarely within the claim, dismissed by Judge Robinson, that "U.S. Bank violated the KCPA each and every month when they, or their agent, mailed statements to the Schneiders."[24] The proposed Second Amended Complaint which would revive the claim is contrary to the law of the case doctrine, which serves to relieve the court from reconsidering issues already resolved earlier in the life of a litigation. Without this doctrine, "an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again. A system like that would reduce the incentive for parties to put their best effort into their initial submissions on an issue, waste judicial resources, and introduce even more delay into the resolution of lawsuits...."[25]

---

[23] Dkt. 44, at 2 (emphasis added). *See also id.* at 2-3 (granting clarification only "to reiterate that [a]ll claims alleged in the First Amended Complaint were dismissed with prejudice on the merits, with the sole exception of Plaintiffs' breach of contract claim").

[24] Amended Complaint, Dkt. 10, ¶ 86.

[25] *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016).

IT IS ACCORDINGLY ORDERED this 14th day of October, 2021, that the Plaintiffs' Motion to Remand (Dkt. 76) is denied; Defendant's Motion for Summary Judgment (Dkt. 60) is granted; Defendant's Objections to Memorandum and Order (Dkt. 77) is sustained, the Order (Dkt. 75) is overruled; Leave to Amend (Dkt. 67) is denied; Plaintiffs' Motion for Oral Arguments (Dkt. 84) is denied; and Plaintiffs' Motion to Stay Deadlines (Dkt. 86) is denied.

This case is closed.


ERIC F. MELGREN
UNITED STATE DISTRICT JUDGE