IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMY SCHNEIDER *and* RANDALL SCHNEIDER,

    Plaintiffs,

vs.

                                      Case No. 20-2162-EFM

U.S. BANK, N.A.,

    Defendant.

MEMORANDUM AND ORDER

The matter is before the court on Plaintiffs' Motion to Set Aside the October 14, 2021 Judgment and certain other orders of the Court. Citing the health of their attorney, which reportedly became substantially worse during October, Plaintiffs seek relief on the grounds of excusable neglect pursuant to Fed.R.Civ. 60(b)(1). Given this reported exacerbation of counsel's health condition, Plaintiffs argue, they were unable to timely meet deadlines, and ask the Court to allow additional response time.[1]

Defendant opposes the relief sought, arguing that Plaintiffs have failed to show that counsel was in fact unable to work during the relevant time period. Defendant

---

[1] Dkt. 91, at 2.

notes that on September 13, 2021, Plaintiffs' counsel filed three motions raising other issues in the present action,[2] and has not explained why she could not also respond to the pending motion for summary judgment. In addition, Defendant notes that in another action in this District, *Helmstetter v. JPMorgan Chase Bank*, Plaintiffs' was also actively filing motions during September, including the filing of a motion for extension of time, which, they stress, mentioned only an anticipated tenth wedding anniversary trip, not any illness or incapacity.[3]

The Court finds that Plaintiffs' pleading activity in September does not negate their claim that counsel's condition worsened in October and November. Counsel has provided to the undersigned a copy of a October 13, 2021 letter by her neurologist stating that she should not work for four weeks. Further, after the September 27, 2021 request for an extension in *Helmstetter*, Plaintiffs' counsel filed two further motions which did expressly invoke her medical condition. The second of these motions notes a follow up visit from neurologist for November 10, 2021.

On November 23, Judge Vratil directed counsel to submit by November 26, 2021 medical documentation showing that she has been taken off work, and documentation from the November follow-up visit. On November 28, 2021, counsel filed a Notice

---

[2] Dkt. Nos. 83, 84, 86.

[3] No. 19-2532 (D. Kan.).

stating that she had submitted further information, although it is not clear what this actually was.[4]

Rule 59(e) authorizes relief where a party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[5] The Rule requires a showing that "the court has misapprehended the facts, a party's position, or the controlling law."[6] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[7] Defendant stresses that Plaintiffs' present motion merely asserts the fact of counsel's illness, and makes no attempt to show how this meets the standard for relief under Rule 59(e).

Rule 60(b)(1) empowers a district court to relieve a party from a final judgment for "excusable neglect." "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."[8] In determining what constitutes excusable neglect, a court must "tak[e] account of all relevant circumstances surrounding the party's

---

[4] *Id.*. Dkt. 150.

[5] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[6] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete*, 204 F.3d at 1012).

[7] *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[8] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)

omission."[9] The court may take into account (1) the danger of unfair prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[10]

"The illness of counsel is not a per se justification for Rule 60(b) relief."[11] At the same time, this court has recognized the lack of convincing authority for "a per se rule that illness alone can never warrant relief under Rule 60(b)(1)."[12] In the same case, Judge Lungstrum recognized that "the Tenth Circuit has not taken the position that an attorney's illness alone is inadequate to demonstrate the existence of excusable neglect."[13]

While Defendants assert a general rule that an attorney illness alone cannot constitute excusable neglect, the cited authorities were recognized by Judge Lungstrum to be conclusory applications of a New York decision which was tied to its unique facts (counsel was temporarily hospitalized for a back injury and afterwards returned to

---

[9] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)

[10] *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994). Of these, the third is "perhaps the most important single factor." *Id.*

[11] *Hutton v. Bank of New York Mellon Tr. Co.*, 847 F. App'x 252,252 (5th Cir. 2021) (citing *Alverson v. Harrison Cnty*, 643 F.App'x 412, 416 (5th Cir. 2016) (*per curiam*)). In *Hutton*, the court found that counsel "made no effort whatsoever to inform the district of opposing counsel of the alleged illness—until late October, after an adverse judgment had been entered."

[12] *Goodwin v. General Motors Corp.*, 2004 WL 34876, *3 (D. Kan. 2004) The court distinguished counsel's depression from the back injury in leading case.

[13] *Id*.

4

legal work), and which "does not appear to stand for the broad proposition that an attorney's illness alone can never be sufficient to warrant relief."[14]

In other cases, the Tenth Circuit has affirmed the denial of Rule 60(b) relief based on claims of attorney illness, but these decisions are clearly based on particular factual findings, not any general per se rule that attorney illness can never constitute excusable neglect.[15] In addition, the court stressed its review was limited to determining whether the denial of relief was an abuse of discretion.[16]

Finally, Defendants cite the recent case of *Ortega-Cadelan v. Langford*,[17] in which Judge Crow denied Rule 60(b) relief to a habeas corpus petitioner with COVID, brought nearly a year after the action had been dismissed for failure to respond to the court's show cause order. "While his medical condition explains a delay in responding to the [show cause order]," the court wrote, "petitioner has not shown any specific reason to excuse his initial failure to file the petition in a timely manner," — which, as pointed out

---

[14] *Goodwin*, 2004 WL 34876, at *2. The cases cited Defendant include *Lender v. Unum Life Ins. Co. of Am.*, 519 F. Supp.2d 1217 (M.D. Fla. 2007) and *Carcello v. TJX Companies, Inc.*, 192 F.R.D. 61 (D. Conn. 2000). *Lender* relies on *Abbey v. Mercedes Benz of North America*, 2007 WL 879581 (S.D. Fla. 2007), which in turn also depends on *Carcello*, which in turn ultimately derives from *Andree v. Center for Alt. Sentencing & Empl. Servs.*, 1993 WL 362394, at *2–3 (S.D.N.Y. Sept.14, 1993).

[15] *Wyoming Outfitters Ass'n v. Wyoming Game & Fish Com'n*, 20 F. App'x 794, 796 (10th Cir. 2001) ("We have no doubt that the [physical therapy] treatment was painful and time-consuming, but we agree with the district court that counsel was not so physically or mentally disabled that he was unable to file the notice of appeal."); *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761 (10th Cir. 2007) ("The record does not show that counsel was ill for the entire period during which the appeal could have been filed").

[16] *See Magraff*, 217 F. App'x at 762 ("this is a harsh result; abuse of discretion is, however, a very deferential standard of review").

[17] No. 20-3178-SAC, 2021 WL 4033283, at *1 (D. Kan. 2021),

in the show cause order, had occurred some five years after the limitations period had run, in 2015. The initial petition being manifestly untimely, any medically caused delay in 2021 was simply irrelevant.

In sum, the Court can appropriately take into consideration the health of counsel in deciding whether to grant relief under Rule 60(b). The documentation submitted by Plaintiffs suggests that counsel suffered from an exacerbation of her condition during October and into November. This documentation suggests a mental condition which might explain a failure to timely file a responsive pleading.

The Court grants the relief so as to allow Plaintiffs the opportunity to file a response to Defendant's May 25, 2021 Motion for Summary Judgement on the remaining breach of contract claim.[18] Plaintiff never responded to this motion, even after the Court's September 22 Order to Show Cause[19] why summary judgment should not be granted as unopposed. Granting limited relief to Plaintiffs will not work unfair prejudice to Defendant, as the primary consequence is simply that the Court will consider the issue on the merits.

However, the medical restriction on Plaintiff's counsel during October did not affect the other issues resolved by the Court in its previous Order. Both the Plaintiffs' Motion to Remand and the Defendant's Objections to the Magistrate Judge's decision were resolved on the merits. Plaintiffs' counsel presented argument on both issues

---

[18] Dkt. 60.

[19] Dkt. 88.

6

(respectively, on August 4 and August 31) by memoranda filed well before her October disability. As to these issues, the Court ruled not on the basis of any default by Plaintiffs, but after making express findings that the court had supplemental jurisdiction to hear the remaining contract claim,[20] and that relitigation of Kansas Consumer Protection Act claims was barred by the doctrine of law of the case.[21]

In light of these rulings, Plaintiff's recent motion for an enlargement of time to file a Reply, otherwise due December 1, 2021, is denied as moot.

The Court notes that in the motion for extension, counsel represents that her medical restriction "was extended to around December 19, 2021 based on [a] follow up visit." However, Plaintiffs have submitted nothing to the undersigned beyond the original doctor's note of October 13, 2021.

Plaintiffs' counsel is directed to submit to chambers all medical documentation surrounding her neurological condition no later than December 7, 2021. The court will fix a time for Plaintiff's response to the summary judgment upon the receipt of such documentation.

---

[20] Dkt. 89, at 5.

[21] *Id.* at 7-8.

**IT IS THEREFORE ORDERED** this 30th day of November, 2021, that the Plaintiffs' Motion to Set Aside (Dkt. 91) is granted in part and denied in part as provided herein; Plaintiff's Motion for Extension (Dkt. 94) is denied as moot.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2021.

ERIC F. MELGREN
UNITED STATE DISTRICT JUDGE