IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A<small>MY</small> S<small>CHNEIDER</small> *and* R<small>ANDALL</small> S<small>CHNEIDER</small>,

Plaintiffs,

vs.                       Case No. 20-2162-EFM

U.S. B<small>ANK</small>, N.A.,

Defendant.

MEMORANDUM AND ORDER

This matter is before the Court on Defendant U.S. Bank's motion for summary judgment as to the sole remaining claim in the case, the breach of contract claim by Plaintiffs Amy and Randall Schneider. Plaintiff's many other claims were dismissed by prior orders of the court.[1] What remains is the claim that Defendant breached Section 2 of the mortgage agreement governing how payments were to be applied.[2] Defendant argues that there was no breach, as it timely applied payments to the Schneiders'

---

[1] *See Schneider v. U.S. Bank*, 2021 WL 3286644, 20202 WL 4673159 (D. Kan. Aug. 12, 2020) (Dkt. 22).

[2] On June 14, 2021, the case was transferred from Judge Robinson to the undersigned. (Dkt. 69).

principal outstanding balance, and in any event, the Plaintiffs failed to submit written notice of principal prepayments, as required by their agreement.

By prior Order, the court granted summary judgment in favor of Defendant based upon the failure of Plaintiffs to make any time response. On November 30, 2021, the court granted limited relief to Plaintiffs in connection with their motion to set aside based upon counsel's representation of incapacity. This Order, however, specifically required updated information on the medical condition of counsel "no later than December 7, 2021."[3] Plaintiffs have not submitted such information, nor have they filed a timely response to the summary judgment motion. The Court concludes that the matter is ripe for resolution and that further delay would be unjust to Defendant and the fair administration of justice.[4]

## I.   Factual and Procedural Background

Plaintiffs executed a promissory note on August 2, 2010 in the original principal amount of $107,500 to purchase real property in Nortonville, Kansas. At the same time, they executed a mortgage to secure repayment of the note.

Section 2 of the Note provides the order in which payments would be applied:

---

[3] Dkt. 95, at 7.

[4] Another judge of this District recently dismissed a separate action brought by Plaintiffs' counsel, citing a consistent failure to abide by the orders of the court. *Helmstetter v. JPMorgan Chase*, No. 19-2532-KHV (D. Kan.) (Dkt. 156).

2

>  **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under the Security Instrument, and then to reduce the principal balance of the Note… Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Section 4 sets out the Plaintiffs' right to make advance payments on the outstanding principal balance:

> I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
>
> I may make a full Prepayment or a partial Prepayment without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes to the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

The Court has reviewed the banking records submitted in conjunction with Defendant's motion. These establish that, from October 2019 to March 2020, Plaintiffs made payments in excess of their normal monthly payments using Defendant's Interactive Voice Response (IVR) system.

For each of these payments, Defendant (either on the same day or the next business day) paid the amount then due for regular periodic interest, principal, and

3

escrow; then it applied an additional payment of $25.00 to the outstanding principal balance; and finally it applied a $5.00 IVR fee. Defendant then issued an letter to Plaintiffs confirming these transactions.

## II.   Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[6] The movant bears the initial burden of proof, though "a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[7] Such a movant "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."[8] The nonmovant must then bring forth "specific facts showing a genuine issue for trial."[9] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot

---

[5] Fed.R.Civ.P.  56(a).

[6] *Sotunde v. Safeway, Inc*., 716 F. App'x 758, 761 (10th Cir.  2017)..

[7] *Thom v. Bristol-Myers Squibb Co*., 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S.  317, 325 (1986))..

[8] *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex*, 477 U.S.  at 325)..

[9] *Garrison v. Gambro, Inc*., 428 F.3d 933, 935 (10th Cir. 2005).  See D. Kan. Rule 7.4.

survive a motion for summary judgment.[10] Conclusory allegations are not sufficient to create a dispute as to an issue of material fact.[11] The court views all evidence and draws "reasonable inferences therefrom in the light most favorable to the non-moving party."[12]

### III.   Analysis

In their First Amended Complaint, Plaintiffs contend that Defendant violated a provision in their contract which "includes specific payment application which has been breached by failing to post in accordance with §2 of the Mortgage when posting extra principal."[13]  Under Kansas law, a breach-of-contract claim requires a showing of the following elements: "(1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach."[14]

The banking records submitted by Defendant demonstrate that it did not violate Section 2 of the Note.  Plaintiffs made six payments with $25.00 in extra principal. In

---

[10] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 670–71).

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (quoting *N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat'l Bank,* 222 F.3d 800, 806 (10th Cir. 2000)).

[13] First Am.. Compl. ¶ 61.

[14] *Ice Corp. v. Hamilton Sundstrand Inc.*, 444 F. Supp. 2d 1165, 1169 (D. Kan. 2006).

each instance, Defendant applied this payment to the outstanding principal balance either on the same day or on the next business day. Plaintiffs' claim that Defendant breached the contract by failing to make a "timely" principal reduction is without merit.

The breach of contract claim thus fails for two reasons. First, the evidence establishes that Defendant applied the payments in the order contemplated by Section 2. Accordingly, there was no breach of this provision. In addition, Section 4 of the Note provides that if Plaintiffs wished to make prepayments of principal, they must give notice of this intent in writing. It is uncontroverted, however, that rather than submitting any written notice of intent, Plaintiffs used the bank's interactive voice system to submit their payments.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment of Defendant (Dkt. 60) is granted in full. A renewed Judgment will be entered in the action confirming its dismissal.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE